UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMINICK GRAY,

       Plaintiff,                      Case No. 16-cv-11295
                                                        Hon. Mark A. Goldsmith
vs.

CITIMORTGAGE, INC.,

       Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS (Dkt. 19)

      This is a breach of contract case arising out of Defendant CitiMortgage, Inc.'s ("CMI") foreclosure of Plaintiff Dominick Gray's home. Gray filed an amended complaint on September 16, 2016 (Dkt. 18), and CMI filed a motion to dismiss in lieu of an answer (Dkt. 19). For the reasons discussed below, CMI's motion is denied.

### I. BACKGROUND

      Gray defaulted on his mortgage in 2010. In August 2013, Gray filed his first lawsuit in connection with his mortgage, see Gray v. CitiMortgage, 13-13415 (E.D. Mich.), alleging violations of RESPA, breach of contract, defamation of title, fraud, and other state-law claims. That case settled. In November 2014, Gray filed his second lawsuit in connection with his mortgage, see Gray v. CitiMortgage, 14-14306 (E.D. Mich.), alleging breach of contract and seeking injunctive relief. In that lawsuit, Gray claimed that CMI had breached the terms of the settlement agreement in the 2013 case by failing to negotiate a loan modification — as required by the 2013 settlement agreement — in good faith. That case, too, settled, and, again, a settlement agreement (the "Agreement") required Defendant to (i) review Plaintiff for a loan

modification and, if Plaintiff qualified, (ii) modify the loan. See Am. Compl. ¶ 6 (Dkt. 18). The Agreement appears in the record as an exhibit to Gray's state-court motion for a temporary restraining order, which motion is CMI's Exhibit C to its Notice of Removal. See Pl. State Ct. Mot. for TRO, Ex. C to Notice of Removal, at 13-17 (cm/ecf pages) (Dkt. 1-4).

Prior to the November 20, 2015 execution of the Agreement, Gray's property was sold at a sheriff's sale on January 13, 2015. See Def. Br. at 1.

The instant case alleges breach of contract and requests injunctive relief and specific performance in addition to money damages. That settlement agreement contained the following disclaimer:

> Borrower understands and acknowledges that a loan modification review may result in a denial even if Borrower returns all required documents timely and in a completed form. If the modification review results in a denial, a denial letter will be generated and foreclosure and/or eviction proceedings will resume. Borrower understands and acknowledges that a denial due to Borrower's failure to qualify for a loan modification and the resumption of foreclosure and/or eviction proceedings is not a breach of this Agreement.

See Def. Br. at 2. Gray submitted his loan modification application package. On March 9, 2016, CMI informed Gray that he had been denied a loan modification because (i) his current monthly household expenses — including the principle plus interest, plus property taxes, insurance premiums, and "homeowner's dues" — was less than or equal to 31% of his gross monthly income; and (ii) Gray's loan had become "60 or more days delinquent and was modified within the last 12 months." Am. Compl. ¶ 9. Gray filed this lawsuit in Oakland Circuit Court on March 25, 2016, and Defendants removed to this Court on April 8, 2016 (Dkt. 1).[1]

---

[1] On September 14, 2016, this Court entered a stipulated order dismissing Federal Home Loan Mortgage Corporation as a defendant without prejudice (Dkt. 17).

## II. STANDARD OF DECISION

On a motion to dismiss pursuant to Rule 12(b)(6), "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007) (citing Carver v. Bunch, 946 F.2d 451, 454-455 (6th Cir. 1991)). Such a motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. The plausibility standard requires courts to assume that all the alleged facts are true, even when their truth is doubtful, and to make all reasonable inferences in favor of the plaintiff. Twombly, 550 U.S. 544, 555-556 (2007); In re NM Holdings Co., LLC, 622 F.3d 613, 618 (6th Cir. 2010). The complaint "does not need detailed factual allegations." Twombly, 550 U.S. at 555; see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) ("specific facts are not necessary"). It needs only enough facts to suggest that discovery may reveal evidence of illegality, even if the likelihood of finding such evidence is remote. Twombly, 550 U.S. at 556. Evaluating a complaint's plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[2]

## III. ANALYSIS

CMI's chief argument is that Gray conceded that a proper loan modification review had taken place, and that, under the disclaimer in the Agreement quoted above, no modification was guaranteed. See Def. Br. at 6 ("[i]t is undisputed that CMI reviewed [Gray] for a loan application"). Gray did not concede this, however. In support of this assertion, CMI cites paragraph 9 of the amended complaint, but that paragraph merely recounts some contents of the rejection letter that CMI sent to Gray. See Am. Compl. ¶ 9. Gray's claims are that the

---

[2] CMI does not argue that Federal Rule of Civil Procedure 9(b), which heightens the pleading standard for claims involving fraud, applies to its motion.

3

Agreement required a modification to be considered, in good faith, according to CitiMortgage's standard procedures and that whatever "review" occurred resulted in a denial due to either bad faith or incompetence. The amended complaint cannot be fairly read to concede that CMI conducted the loan modification review that was promised by the Agreement.

One of CMI's two alternative reasons for denying Gray's loan modification application was that his housing debt did not exceed 31% of his gross income. See Am. Compl. ¶ 9(a). On this point, Gray alleges that his monthly housing expense in fact exceeded 31% of his gross income, id. ¶ 10; that CMI "knowingly inflated" his income "for the sole purpose of denying him a loan modification," id. ¶ 11; that CMI "knowingly lowered [his] monthly payment by approximately $300.00 for the sole purpose of denying him a loan modification," id. ¶ 13; that CMI "knowingly considered data that was false, which inflated [his] gross income and lowered [his] monthly payment," id. ¶ 16; and, finally, that he did, in fact, qualify for a loan modification under CMI's criteria, id. ¶ 18.

CMI argues that these pleadings are insufficient because Gray fails to identify his specific monthly income, his exact monthly housing expenses, or how CMI's calculations are incorrect. See Def. Br at 7-8. This, claims CMI, is an insufficient, "unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555). But CMI did not provide any case law relating to the context presented here — such as contracts or mortgages — that can guide this Court in applying Twombly to the facts of this case.

This Court already has confronted the issue of a complaint's plausibility vis-à-vis a 31% housing-expense-to-income ratio (albeit the 31% ratio that was applicable to HAMP modifications, not a bank's in-house loan modification policies). In Maraulo v. CitiMortgage,

4

Inc., No. 12-CV-10250, 2013 WL 530944, at *10 (E.D. Mich. Feb. 11, 2013) (Goldsmith, J.), this Court stated as follows:

> Plaintiffs have alleged that their housing debt was more than 31% of their combined gross income, and that this qualified them for HAMP.... These facts are specific and rise above the level of conclusory allegations. If this Court accepts them as true, then CitiMortgage failed to meet its requirement of offering in good faith a loan modification program.... The Court concludes that the allegations in Count 2 are sufficiently specific to state a claim and to put Defendants on notice of the claim. Therefore, Defendant's motion to dismiss for failure to state a claim is denied.[3]

The amended complaint in Maraulo, like the amended complaint in this case, never quantified the plaintiffs' income or their monthly combined housing expenses. Furthermore, relying only on Iqbal and Twombley, CMI provides no context-specific argument or authority demonstrating that Gray's pleadings are insufficient.

Moreover, Gray states that CMI modified his monthly payment by $300 to skew the results of its loan modification review, and that this bad-faith adjustment to his income caused the modification denial. See Am. Compl. ¶¶ 13, 16-18, 21-22. This allegation alone is sufficiently specific to create a plausible breach-of-contract claim. See also Maraulo, 2013 WL 530944, at *10 (deeming sufficient plaintiffs' allegation that a $200 surplus of expenses over income qualified the plaintiffs for an in-house modification).

The second of CMI's alternative reasons for denying Gray's request for a loan modification was that Gray's loan "has become 60 or more days delinquent and was modified within the last 12 months." Am. Compl. ¶ 9(b). In his amended complaint, Gray asserts that his

---

[3] The remainder of the pleaded facts that Maraulo relied upon included allegations that (i) a $200 surplus of expenses vs. income qualified the plaintiffs for an in-house modification; and (ii) they initiated loan modification proceedings under either HAMP or in-house policies, and their request was denied. See 2013 WL 530944, at *10.

loan "was not modified within the last 12 months." Id. ¶ 14. CMI responds that Gray "fails to include any support for this statement." Def. Br. at 7. It is difficult to imagine, however, what "support" Gray could offer for the non-occurrence of an event. See Milacron LLC v. Stough Tool Sales, No. 1:12-CV-119, 2012 WL 2366639, at *2 (S.D. Ohio June 21, 2012) ("It would be difficult as a practical matter to plead a negative with particularity.") (citing Welch v. Theodorides-Bustle, 677 F. Supp. 2d 1283, 1287 (N.D. Fla. 2010) ("[I]t is hard to plead a negative with great specificity."))[4] Gray's assertion that his loan was not modified in the past 12 months is sufficient to state a plausible claim that this basis for his rejection was inaccurate.

CMI also argues that the amended complaint does not sufficiently plead causation or damages. First, CMI claims that it is insufficient to allege that eviction "as a result of" its alleged breach constitutes irreparable harm. See Def. Br. at 8 (quoting Am. Compl. ¶ 23). CMI argues that "any eviction results from [Gray]'s default under the terms of the Mortgage in 2010." Id.

In the presence of a contractual obligation to modify a loan if certain conditions are met, however, this argument is without merit. Simply put, if Gray fulfilled his end of the deal, a breach by CMI is the but-for cause of an eviction. Gray alleged that, pursuant to the contract between the parties, CMI promised to review him for a loan modification and, if Gray qualified, to offer him that loan modification. See Am. Compl. ¶ 6. Gray further alleged that he qualified for a loan modification under CMI's criteria, id. ¶ 18, meaning that he was contractually entitled to a loan modification. Notwithstanding whether Gray defaulted in 2010, he sufficiently alleges that CMI's breach will lead to eviction and that, but for the breach, eviction would not occur.

---

[4] Although the Milacron court used the term "particularity," which describes the standard for Rule 9(b) fraud pleadings, it was addressing non-fraud claims (i.e., whether a product in a trademark infringement dispute had acquired distinctiveness through secondary meaning). See 2012 WL 2366639, at *1 (setting forth applicable "plausibility" standard).

See also Am. Compl. ¶¶ 22-23 ("A consequence of the Defendant's breach of contract is that Plaintiff now faces imminent eviction. Plaintiff will be irreparably harmed if he is evicted as a result of the Defendant's breach of contract."). And, crucially, CMI presents no legal authority, in any form, in support of its claim that Gray's default somehow relieves it of an independent contractual obligation.

CMI also mentions that the redemption period expired in July 2015 and that, as a result, Gray "has no rights to the Property at this time." See Def. Br. at 8 (citing Luster v. Mortg. Elec. Registration Sys., No. 11-CV-14166, 2012 WL 124967, at *2 (E.D. Mich. Jan. 17, 2012)). However, Luster did not apply that principle in a breach of settlement context. And CMI fails to explain exactly how this principle should apply, if at all, to a claim for monetary damages, as distinct from a claim for establishment of a right to a real property interest, such as possession or title. This Court declines to make CMI's legal arguments for it.

Finally, CMI argues that giving up one's right to pursue a prior lawsuit cannot be considered compensable damages (or, in the alternative, that Gray must quantify what that prior lawsuit was worth, which he failed to do). See id. at 8-9. Again, CMI offers no authority for its position. It has failed to carry its burden to show that dismissal is warranted.

## IV. CONCLUSION

For the reasons stated above, CMI's motion to dismiss (Dkt. 19) is denied.

SO ORDERED.

Dated: March 21, 2017　　　　　　　　　　　s/Mark A. Goldsmith
    Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 21, 2017.

>                                     s/Karri Sandusky
>                                     Case Manager